Nicholas Groesbeck,

       Plaintiff,

       v.

Sgarlato Med, LLC; Thomas E. Sgarlato;
Sgarlato R.P., Inc.;
and Sgarlato Laboratories, Inc.;

       Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 10-3782 ADM/JJK

---

Heather A. Brann, Esq., Leslie W. O'Leary, Esq., Michael L. Williams, Esq., and Thomas B. Powers, Esq., Williams Love O'Leary and Powers, P.C., Portland, OR; Laura B. Kalur, Esq., Kalur Law Office, Portland, OR; E. Frank Woodson, Esq., and Matthew E. Munson, Esq., Beasley, Allen, Crow, Methvin, Portis & Miles, P.C., Montgomery, AL; and Richard A. Lockridge, Esq., and Yvonne M. Flaherty, Esq., Lockridge Grindal Nauen P.L.L.P., Minneapolis, MN, on behalf of Plaintiff.

Barry A. O'Neil, Esq., and Nicholas Dolejsi, Esq., Lommen, Abdo, Cole, King & Stageberg, P.A., Minneapolis, MN on behalf of Defendants.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Court Judge for consideration of change of venue pursuant to 28 U.S.C. § 1404(a). By Order [Docket No. 16] dated December 22, 2010, the Court directed the parties to file briefs addressing (1) whether this action should be transferred to another district pursuant to § 1404(a), and (2) to which district this action should be transferred assuming that transfer is appropriate. All parties have now responded. For the reasons set forth below, the case will be transferred to the United States District Court for the District of Utah.

## II. BACKGROUND

On May 2, 2002, Plaintiff Nicholas Groesbeck ("Groesbeck") underwent shoulder surgery in Preston, Idaho. Compl. [Docket No. 1] ¶ 5. On March 15, 2005, Groesbeck underwent a second shoulder surgery, also in Preston, Idaho. Id. During both surgeries, doctors implanted a "pain pump" into his shoulder. Id. Pain pumps are used to manage post-operative pain and inject medication directly into a patient's shoulder joint. Id. ¶ 8. Groesbeck's pain pumps remained implanted for up to seventy-two hours following his surgeries, injecting medication into his shoulder on a continuous basis. See id. ¶ 5.

Pain pumps have been linked to chondrolysis, a condition occurring when the cartilage in a joint is lost. See id. ¶ 9. Groesbeck alleges that the anesthetic medication released by his pain pumps destroyed the cartilage in his shoulder, causing chondrolysis. Id. ¶ 9. Defendants Sgarlato Laboratories, Inc., Sgarlato R.P., Inc., and Sgarlato Med LLC (collectively the "Sgarlato Defendants") are related businesses organized under the laws of California. Id. ¶ 7. Defendant Thomas E. Sgarlato (collectively with the Sgarlato Defendants, "Defendants") is the owner or primary shareholder of all the Sgarlato Defendants. Id. Defendants allegedly promoted, manufactured, and distributed the pain pump used in Groesbeck's surgery. Id. ¶ 5.

Groesbeck is a resident of Utah. Id. ¶ 4. Defendants Sgarlato Laboratories, Inc. and Sgarlato R.P., Inc. are citizens of California; however, the citizenship of Sgarlato Med LLC and Thomas E. Sgarlato are not pled. See id. ¶ 9. Groesbeck brought suit against Defendants in the U.S. District Court for the District of Minnesota (the "District of Minnesota"). The instant case is one of thousands of products liability lawsuits, many involving pain pumps, brought in this District, presumably to take advantage of Minnesota's liberal six-year statute of limitations

period.  See, e.g., Evans v. Breg, Inc., Civ. No. 10-175, 2010 WL 2985691, *1 (D. Minn. July

26, 2010) (noting existence of thousands of product-liability actions in District of Minnesota and

noting that the vast majority were filed to take advantage of statute of limitations).

After reviewing the Complaint, the Court noted this case's lack of connection to

Minnesota and directed the parties brief the issue of transfer.  Defendants advocate transfer to the

U.S. District Court for the Northern District of California (the "Northern District of California").

Groesbeck, despite filing this case in the District of Minnesota, now advocates transfer to the

U.S. District Court for the District of Utah (the "District of Utah").

### III.  DISCUSSION

#### A.  Transfer Requirements

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of

justice, a district court may transfer any civil action to any other district or division where it

might have been brought."  28 U.S.C. § 1404(a).  Deciding whether to transfer requires

consideration of three factors:  (1) convenience of the parties, (2) convenience of the witnesses,

and (3) the interests of justice.  Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 691

(8th Cir. 1997).  Transfer should be determined after a case-by-case evaluation of the particular

circumstances and consideration of all relevant factors.  Id.

As a threshold matter, it must be established that any alternate forum proposed is a forum

where this action "might have been brought."  28 U.S.C. § 1404(a).  Groesbeck argues that he

could have brought this action in the District of Utah because that court would have subject

matter jurisdiction by virtue of diversity of citizenship.  Groesbeck also argues that the District

of Utah would have personal jurisdiction.  Defendants do not contest this point, but argue that

this action "might have been brought" in the Northern District of California. Groesbeck argues

that although he could have chosen to file his action in the Northern District of California, he

does not consent to that court's jurisdiction. The discussion regarding whether Groesbeck's

consent is needed to transfer this case to the Northern District of California, however, is moot as

the Court will transfer this case to the District of Utah.

### B. Convenience of the Parties

Minnesota is an inconvenient forum for the parties. None of the parties are located in

Minnesota. None of the relevant events or alleged injuries occurred in Minnesota. None of the

evidence is located in Minnesota. Indeed, it appears the only connection Minnesota has to this

litigation is Groesbeck's arbitrary decision to file his lawsuit here. Significant expenses will be

expended if the parties are required to travel to Minnesota to litigate this case. This factor

weighs in favor of transfer.

### C. Convenience of the Witnesses

In analyzing the convenience of the witnesses factor, relevant considerations are the

willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of

deposition testimony. Terra, 119 F.3d at 688. Minnesota is an inconvenient forum for the

witnesses in this case. Most, if not all, of the anticipated witnesses reside outside of Minnesota,

and thus outside of the Court's subpoena power. The adequacy of deposition testimony is

unknown at this early stage. This factor also weighs in favor of transfer.

### D. Interests of Justice

Relevant considerations for weighing the interests of justice include judicial economy,

plaintiff's choice of forum, comparative costs of litigating in each forum, ability to enforce a

judgment, obstacles to a fair trial, conflict of law issues, and advantages of having a local court determine questions of local law. <u>Terra</u>, 199 F.3d at 696.

Judicial economy favors transfer. The Court has been inundated by pain pump and other products liability cases that have no significant connection to Minnesota. This flood of discretionary venue cases threatens to overwhelm this District, which currently has the third-highest weighted caseload in the country. Statistics Subcomm. of the Judicial Res. Comm. of the Judicial Conference of the United States. Multidistrict litigation ("MDL") is the proper procedure to enhance judicial economy by litigating similar cases in tandem. This case has not been approved for MDL treatment. <u>See</u> <u>Evans</u>, 2010 WL 2985691 at *3 (noting that pain pump cases were not afforded MDL treatment and forcing de facto MDL treatment by the Court does not serve interests of justice).

All other considerations for this factor are essentially neutral. The District of Utah and the Northern District of California are both respected federal courts, and therefore no issues are apparent regarding ability to enforce a judgment, obstacles to a fair trial, conflict of law, or advantages of having a local court determine questions of local law. With respect to plaintiff's choice of forum, Groesbeck initially chose this District but has since advocated transfer. Therefore, his choice regarding the District of Minnesota is not entitled to deference. This factor weighs in favor of transfer as well.

**E. Transfer is to the District of Utah**

With the propriety of transfer now established, the remaining issue is where the case should be transferred. Courts generally afford deference to a plaintiff's choice of forum. <u>Graff v. Qwest Commc'ns Corp.</u>, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999). Where, however, the

plaintiff is not a resident of the forum and the underlying events did not occur in the forum, little or no deference should be afforded to the plaintiff's choice. Burnett v. Wyeth Pharm., Inc., Civil No. 06-4923, 2008 WL 732425, *1 (D. Minn. March 17, 2008). Here, Groesbeck's initial choice in Minnesota is entitled to little deference because he is not a resident of this state nor did the underlying events occur here. However, Groesbeck now advocates transfer to the District of Utah. He is a resident of that forum. As such, as between the District of Utah and the Northern District of California, the Court will defer to Groesbeck's choice. This action is transferred to the District of Utah.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that pursuant to 28 U.S.C. § 1404(a), the venue of this case shall be transferred to the United States District Court for the District of Utah.


                        BY THE COURT:


                            s/Ann D. Montgomery
                        ANN D. MONTGOMERY
                        U.S. DISTRICT JUDGE

Dated:  February 3, 2011.